IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYNIAH WHITTEN,

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.

Case No. 3:23-CV-2402-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on Plaintiff Ryniah Whitten's motion for leave to proceed in this District Court without prepaying fees or costs. (Doc. 3). A federal court may permit an indigent party to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees or costs, as long as the action is not clearly frivolous or malicious. 28 U.S.C. § 1915(a)(1). The test for determining whether an action is clearly frivolous is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).

      First, the Court is not satisfied from Whitten's application that she is indigent, as she left the section regarding employment and wages blank. (Doc. 3). Whitten does state that she has no "other" source of income, such as self-employment, rental income, life insurance payments, or inheritance, but with regard to any property that she owns (automobiles, real estate, stocks, bonds, jewelry, etc.), she simply states, "4th Amendment." (*Id.*). Whitten also wrote "4th Amendment" in response to any regular monthly expenses for which she is responsible. (*Id.*). With regard to any debts or financial obligations Whitten owes, she simply

refers to 12 U.S.C. § 411. (*Id.*). And, finally, with regard to any people who are dependent on her, Whitten states that the "US transfers all debts via birth certificate, all debts belong to the US pursuant to 12 USC 411, this issue must proceed pro bono." (*Id.*).

The Court cannot conclude that Whitten is indigent from these responses. To proceed IFP, a plaintiff must fully and truthfully disclose her financial condition under penalty of perjury. *See* 28 U.S.C. § 1915(a)(1). As the Seventh Circuit has explained, "[p]roceeding *in forma pauperis* is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014). Whitten's refusal to provide truthful answers on her application prevents the Court from granting her motion.

Second, the Court is not satisfied that this action is not clearly frivolous or malicious. Whitten seeks review of the decision of the Commissioner of Social Security regarding her claims for Disability Insurance Benefits and Supplemental Security Income. (Doc. 2). In her statement of claim, however, Whitten states only that she is "the living breathing (beneficiary) woman of the Social Security trust (Cestui Que Vie Act 1666). No response has been presented for claims toward the Principal or the Principal's agent in good faith." (*Id.*). She also claims that benefits were stopped with no notice given to the agent or principal. (*Id.*). These statements, along with Whitten's responses in her IFP motion, are indicative of the sovereign citizens movement, and courts continually find such arguments to be legally frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases).

It is unclear to the Court from the statements in Whitten's complaint whether she can possibly present a claim that is not frivolous. Nevertheless, while she cannot make a rational argument based on the facts presented in her complaint, it is apparent that benefits were stopped for *some* unknown reason. If Whitten can identify the facts found by the

Commissioner that she believes are not supported by substantial evidence and explain why the Commissioners' decision was based on a legal error, then she may be able to proceed with her social security appeal.

Accordingly, the Court will provide Whitten with an opportunity to amend both her complaint and her motion to proceed IFP to provide truthful and complete responses. In the meantime, Whitten's current motion proceed in this District Court without prepaying fees or costs (Doc. 3) is **DENIED without prejudice**. Whitten shall file her amended documents on or before **August 28, 2023**. Failure to do so will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED:   July 27, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**